Curia, per Evans, J.
If the defendant, when the line was run by the surveyor, had instantly given up the land, and abandoned the occupancy thereof, and when sued had pleaded this specially, the verdict for him might be sustained. But he did not; he cultivated the land that year, and after he had gathered his crop, hauled away the rails. This subsequent trespass was not embraced in the arbitrament, if it may be so called, made by the surveyor, and certainly entitled the plaintiff to maintain an action for which she was entitled to recover something. But, as I have before intimated, the defence which was made, by whatever title it may be properly designated, could not be given in evidence as a justification under the general issue. The authorities cited abundantly shew that all such matters should be pleaded specially. 1 Ch. Pl. 498 ; Ham. N. P. 70.
In the case of Jones vs. Muldrow, Rice, 64, it was decided that the owner, when sued for turning out one who had taken possession of his land, might justify under the general issue, by proving title in himself. And in the case of Reed vs. Stoney, (a) it was decided that a landlord might justify a distress for rent under the general issue ; but this was allowed under the 21st section of the statute 11 Geo. 2, ch. 19, 2 Stat. 579, which had been adopted in our practice, and thus made of force. The evidence might have been received under the general issue, in mitigation of damages, but in this case it was allowed as a justification, and upon it a verdict given for the defendant. The motion for a new trial is therefore granted.
Richardson, O’Neall, Wardlaw and Frost, JJ. concurred.

 Ante, p. 401.